**Loring M. BLACK**

v.

**The UNITED STATES.**

No. 49686.

United States Court of Claims.
April 5, 1955.

Kermit F. Kip, New York City, for plaintiff. Loring M. Black, New York City, was on the briefs.

H. S. Fessenden, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues to recover income taxes paid by him for the year 1937. He asserts that by mistake he paid $21,639.58 when he should have paid only $7,662.36. His alleged mistake was with regard to income from two sources, which we will treat separately.

By an agreement dated January 16, 1935, between the plaintiff and a group of attorneys in Minnesota, which Minnesota group was referred to in the agreement as the "Pool," the plaintiff was retained as an associate attorney in the matter of procuring from the Government compensation for losses resulting from a fire which occurred in 1918 and which was allegedly caused by a railroad which was then being operated by the Government. The agreement provided that the plaintiff would receive 10 percent of the net collections received by the Pool, *i. e.*, 10 percent of the gross collections less the Pool's expenses in the collection.

The Pool, in order to postpone its income taxes, adopted a fiscal year ending on May 31, 1936, and on the same date in subsequent years. The Pool's accountant advised the plaintiff in 1937 that his share of the net income of the Pool up to May 31, 1937, was $29,000. The plaintiff, in 1937, received only $11,000 of the $29,000. He included the entire $29,000 in his income tax return and paid taxes thereon. He claims that only the $11,000 actually received by him was taxable income to him in 1937.

The plaintiff takes the position that as a taxpayer on a cash basis, noth-

ing was taxable income to him unless he received it during the taxable year. This position is untenable. Money which becomes available to a cash basis taxpayer in the taxable year is taxable income, whether he reduces it to possession or not. If it were not so, a taxpayer could juggle his income almost at will between taxable years whenever it would be of advantage to him to do so. The entire $29,000 was, so far as appears, available to the plaintiff in 1937. The Pool had closed its books on its fiscal year on May 31, 1937. The collections were in, the expenses were computed, and the plaintiff's agreed share of the money in hand was $29,000. No reason appears why it could not have been collected by asking for it. We conclude that the plaintiff did not make a mistake in including it in his income for 1937.

We treat now the other branch of the plaintiff's claim. During 1937 he was a lobbyist for the United States Cane Sugar Refiners' Association, active in attempting to secure legislation favorable to the interests of the members of the Association. He received $56,750 from the Association during the year. The plaintiff, when he made his income tax return for the year, was of the opinion that expenses in connection with lobbying were not allowable deductions. He therefore deducted only $13,000, representing sums paid over by him to individuals who, in his opinion, would acknowledge the receipt of this amount.

The plaintiff, in an amended return filed in 1945 in connection with his claim for refund, and in this suit, asserts that $27,000 of the $56,750 which he received from the Refiners' Association represented expenses, deductible as ordinary and necessary business expenses. The only basis for the round figure of $27,000 seems to be that in January 1945, the plaintiff was told by Mr. Ellsworth Bunker, the Chairman of the Refiners' Association, that $27,000 of the amount paid the plaintiff in 1947 was for expenses. This statement seems to us to have no significance. If the As-

sociation, in its bookkeeping, so divided the payments, that would not make the payments any the less income to the plaintiff except to the extent that he paid the money out for deductible expenses. The plaintiff, not the Association, would know what he did with the money which the Association paid him.

The only useful evidence, then, is the plaintiff's recollection, without benefit of records, of what he did with the alleged expense money. He testified that, in addition to the $13,000 which he took, in his original return, as a deduction for money paid to others, he paid $4,000 more to others whom he did not identify. It will be remembered that he took the $13,000 deduction because that money was paid to individuals who, he thought, would acknowledge the receipt of that amount. The $4,000 now testified to must represent payments to persons who, in his opinion in 1938 when he prepared his 1937 return, would have denied the receipt of the asserted payments. To permit the deduction of such payments as ordinary and necessary business expenses would be an obvious violation of public policy.

The commissioner of this court has found that there is satisfactory proof that $2,505, one-half of the plaintiff's hotel bill at the Shoreham Hotel during the five months that lobbying for the sugar legislation was active, was attributable to the lobbying activity and was a deductible expense. Although we have grave doubts, we do not disturb that finding.

The plaintiff is entitled to recover, with interest as provided by law. Entry of judgment will be suspended to await the filing of a stipulation by the parties showing the amount due the plaintiff, in accordance with our findings of fact and opinion.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.